# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| M.H. O/B/O A.H., A MINOR CHILD, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00053 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | By: James P. Jones |
| COMMISSIONER OF SOCIAL ) | Chief United States District Judge |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

In this child's social security case, I affirm the final decision of the Commissioner.

## *I. Background.*

M.H. filed this action on behalf of her minor son, A.H., challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her son's claim for supplemental security income ("SSI") benefits under title XVI of the Social Security Act, 42 U.S.C.A. §§ 1381-1383f (West 2003 & Supp. 2005) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 1383(c)(3).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists,

this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

The plaintiff filed for benefits on behalf of her son on May 22, 2002, alleging disability since that date.[1] The claim was denied initially and on reconsideration, and a request for a hearing was timely filed. M.H. received a hearing before an administrative law judge ("ALJ") on June 24, 2003. By decision dated July 15, 2003, the ALJ found that M.H.'s son was not disabled within the meaning of the Act. The Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is now ripe for decision.

*II. Facts.*

A.H. was nine years old at the time of his hearing and had completed the third grade. He claims disability based upon asthma, bronchitis, and fatigue.

---

[1] The plaintiff initially alleged disability since October 22, 1993, but amended the alleged onset date to May 22, 2002. (R. at 25.)

-2-

In determining whether A.H. is eligible for benefits, the ALJ reviewed medical records from various health care providers. He also reviewed A.H.'s report cards and records from his teachers, and heard testimony from A.H.'s mother.

Based upon the evidence, the ALJ determined that A.H.'s upper respiratory impairment is severe, but concluded that this impairment does not meet or equal any listed impairment.

## III. Analysis.

The plaintiff contends that the ALJ's determination that A.H.'s impairments do not meet or equal Listing of Impairments 103.03B, asthma, or Listing 112.05D, mental retardation, is not supported by substantial evidence. For the following reasons, I disagree.

A child under age eighteen is considered disabled, and is entitled to SSI benefits, if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 1382c(a)(3)(c). The Social Security regulations promulgated a three-step test for the purpose of adjudicating children's disability claims under this standard. *See* 20 C.F.R. § 416.924(b)-(d)

(2005). That test, known as the Children's Benefit Analysis, requires the ALJ to determine: (1) whether the child is engaged in "substantial gainful activity," (2) whether the child has "a medically determinable impairment[] that is severe," and (3) whether the child's "impairment(s) . . . meet, medically equal, or functionally equal [a] list[ed impairment]." *Id*.

The plaintiff's claims relate to the ALJ's adjudication at step three of the Children's Benefit Analysis. The Social Security regulations list specific impairments relevant to step three, some of which apply only to children. *Id*. at § 416.924(d). A claimant bears the burden of proving that his or her impairment satisfies, or "meets," one of the listed impairments. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see also Hall ex rel. Lee v. Apfel*, 122 F. Supp. 2d 959, 964 (N.D. Ill. 2000) (child's claim). Once a claimant makes such a showing, an irrebuttable presumption of disability arises and benefits must be awarded. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).

To "meet" a listed impairment, a child must demonstrate both "A" and "B" criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. "A" criteria are medical findings and "B" criteria "describe impairment-related functional limitations." *Id*. An impairment that shows some but not all of the criteria, no matter how severe, does not qualify.

*Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).

If a child's impairments do not "meet" a listed impairment, they may still be medically or functionally equal in severity and duration to the medical criteria of a listed impairment. *See id*. at § 416.926a. A child's impairments "equal" a listed impairment when the child demonstrates a "'marked' limitation[] in two domains of functioning or an 'extreme' limitation in one domain." *Id*. at § 416.926a(a). Domain analysis is equivalent to analysis of the "A" and "B" criteria for listed impairments, and focuses on "broad areas of functioning intended to capture all of what a child can or cannot do." *Id*. at § 416.926a(b)(1). The regulations include six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *Id*.

*A*

First, the plaintiff argues that the ALJ erred by failing to find that her son's impairments equal Listing 103.03B.

Listing 103.03B requires a claimant to show asthma attacks (as defined in Listing 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every two months or at least six times a year. Moreover, each

inpatient hospitalization for longer than twenty-four hours for control of asthma counts as two attacks, and an evaluation period of at least twelve consecutive months must be used to determine the frequency of attacks. 20 C.F.R. § pt. 404, subpt. P, app. 1, 103.03B. Section 3.00C of the Listings defines asthma attacks as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment. For asthma, "the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction." *Id*. at 3.00C.

In this case, the medical records relevant to the plaintiff's alleged onset date of disability do not demonstrate that the plaintiff's asthma attacks met the frequency and severity requirements of the listings. As the ALJ noted, A.H. was seen at Norton Community Hospital on May 23, 2002, for complaints of chest pain and shortness of breath. (R. at 26.) However, a chest X ray taken showed no acute cardiopulmonary disease (R. at 336), an examination revealed that he had normal respiratory and breath sounds (R. at 334), and no respiratory distress. (R. at 334.) A.H. was seen at ETSU Physicians & Associates on October 16, 2002, where he was diagnosed with mild persistent asthma that was under "excellent control." (R. at 305.) Spirometry results were normal. (*Id*.) The ALJ added that A.H. received general care from Dr. Vedha from January 17, 2002 to March 17, 2003, but that the notes from Dr. Vedha

-6-

Case 2:04-cv-00053-JPJ-PMS   Document 19   Filed 09/18/05   Page 6 of 9   Pageid#: 71

indicated that he responded well to anti-biotic and steroid medications. (R. at 26.) Moreover, a Childhood Disability Evaluation Form completed by a state agency physician indicated that A. H.'s asthma was severe but did not meet or equal a listing. (R. at 339.) Based on this evidence, the ALJ found that A.H. did not meet or equal the criteria of the asthma listing. There is substantial evidence to support this finding because the medical records relevant to A.H.'s alleged onset date of disability do not demonstrate that his asthma attacks met the frequency and severity requirements of the listings.

*B*

Next, the plaintiff argues that the ALJ erred by failing to find that her son's impairments functionally equaled Listing 112.05D.

Listing 112.05D states that the required level of severity can be met by "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." 20 C.F.R. § pt. 404, subpt. P, app. 1, 112.05D. The Listings further state that cognitive functioning can be measured by standardized tests of intelligence, "a primary criterion [of which] . . . is a valid verbal, performance, or full scale IQ of 70 or less." *Id*. at § 112.00C2a. However, the listings also provide "alternative criteria, consisting of tests of language development or bizarre speech patterns." *Id*.

In this case, the record does not include any standardized IQ test that shows valid verbal, performance, or full scale IQ scores. Instead, the plaintiff points to "benchmark" math and language arts tests taken at A.H.'s school, on which he performed poorly. (R. at 361-62.) However, other evidence in the record indicates that A.H.'s functioning was age-appropriate. A.H.'s third grade teacher completed a Teacher Questionnaire on December 17, 2002. (R. at 346-53.) As the ALJ pointed out, the teacher reported that A.H. was at grade level in all subjects and did not require special education services. (*Id.*) In addition, the teacher reported that A.H. exhibited age-appropriate functioning in the areas of acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for himself. (*Id.*) Based on this evidence, the ALJ found that A.H. did not meet or equal the criteria for the mental retardation listing. There is substantial evidence to support this finding because the medical records do not include a valid verbal, performance, or full scale IQ test of 70 or less, and the records that the ALJ relied on indicated that A.H.'s functioning was age-appropriate.

*IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: September 18, 2005

/s/ JAMES P. JONES
Chief United States District Judge